UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-19-CR-01508-FM |
| ADRIANA MONTES-DE OCA, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION DENYING APPEAL FROM CONVICTION

Before the court is "Defendant's Opposed Appeal from Conviction" ("Appeal") [ECF No. 16], filed July 12, 2019 by Adriana Montes-De Oca ("Defendant"); and "Government's Response to Defendant's Appeal from Conviction" ("Response") [ECF No. 18], filed July 18, 2019, by the United States ("Government").

Defendant appeals her conviction by a Magistrate Judge at a bench trial for eluding examination or inspection by immigration officers in violation of 8 U.S.C. § 1325(a)(2).[1]

### I. BACKGROUND

*A. Factual Background*

On January 18, 2019, Defendant was arrested and charged with the misdemeanor offense of eluding examination by Customs and Border Protection Officers under 8 U.S.C. § 1325(a)(2).[2] Defendant is a citizen of Mexico[3] and was observed moving north on foot at around 6 p.m.[4] in

---

[1] "Bench Trial Transcript" ("Tr.") 127: 2–4, ECF No. 9, filed June 17, 2019.

[2] "Criminal Complaint" ("Compl.") 1, No. EP:19-MJ-00549-LS, ECF No. 1, filed Jan. 22, 2019.

[3] Tr. 83: 16–17.

[4] *Id.* at 54: 18–19; 106: 22–25. The court notes that the sun sets around 5:30 p.m. in El Paso in January.

1

the northbound vehicle lanes at the Bridge of the Americas Port of Entry.[5] She jumped the barrier between the northbound and southbound vehicle lanes heading west.[6] Upon reaching the pedestrian catwalk on the western side of the southbound traffic lane, Defendant headed north towards the United States.[7]

Officer Michael Dean Keefe ("Officer Keefe") approached Defendant and placed a hand on her to prevent her fleeing.[8] He questioned Defendant about her intended destination and if she had documentation.[9] Defendant answered that she was returning to Mexico and did not have documentation.[10] Defendant was placed in handcuffs and moved to passport control secondary to determine whether she violated any law.[11]

Officer Melissa Tellez ("Officer Tellez") conducted the questioning at passport secondary.[12] Defendant told Officer Tellez that she was walking and found herself in the middle of a line of semi-trucks, became anxious, and walked towards the bridge.[13] Officer Tellez continued to gather facts to determine whether Defendant could be charged with a crime.[14]

---

[5] *Id.* at 20: 22–23.

[6] *Id.* at 20: 24–25.

[7] *Id.* at 21: 2–4.

[8] *Id.* at 57: 3–4.

[9] Tr. 57: 5–6; 58: 24–25.

[10] *Id.* at 59: 1.

[11] *Id.* at 59: 7–11.

[12] *Id.* at 82: 6–7.

[13] *Id.* at 83: 22–24; 84: 11–13.

[14] *Id.* at 86: 21–24.

*B.     Procedural Background*

Defendant was arrested on January 18, 2019 and charged with violating 8 U.S.C. § 1325(a)(2).[15] She made an initial appearance before a Magistrate Judge on January 22, 2019.[16] The Magistrate Judge conducted the arraignment and detention hearing on February 5, 2019 and she was denied bond due to flight risk.[17] On April 25, 2019, Defendant was convicted of violating 8 U.S.C. § 1325(a)(2) in Magistrate Court in a bench trial.[18] On May 9, 2019, she was sentenced to 111 days confinement with credit for time already served.[19] Defendant filed a notice of appeal on May 15, 2019.[20]

*C.     Parties' Arguments*

Defendant argues her conviction under 8 U.S.C. 1325(a)(2) should be overturned as she never made an entry into the United States.[21] Defendant claims she did not make entry into the United States since she (1) was not inspected and admitted by an immigration officer; (2) was not free from official restraint; and (3) did not actually and intentionally evade inspection at the inspection point.[22] Defendant argues she never voluntarily presented herself at a port of entry nor was she admitted into the United States by an immigration officer.[23] Defendant further

---

[15] Compl. 1.

[16] *See* "Initial Appearance Transcript," ECF No. 5, filed June 17, 2019.

[17] "Arraignment and Detention Hearing Transcript" 3: 6–18, 3:11–13, ECF No. 6, filed June 17, 2019.

[18] Tr. 127: 2–4.

[19] "Sentencing Hearing Transcript" 3: 6–8, ECF No. 10, filed June 17, 2019.

[20] "Notice of Appeal," ECF No. 1, filed May 15, 2019.

[21] "Defendant's Appeal Brief" ("Appeal") 15, ECF No. 16, filed July 12, 2019.

[22] *Id.* at 16–19.

[23] *Id.* at 16.

3

contends she was never free from official restraint once she crossed the international boundary between Mexico and the United States.[24] Lastly, Defendant further argues she did not evade an inspection area as her intent was to return to Mexico.[25] Defendant supports her arguments by relying on *Matter of Martinez-Serrano*,[26] a case from the Board of Immigration Appeals ("BIA") that outlines a three-part test for entry.[27] Premised upon this test, Defendant contends the Government failed to prove beyond a reasonable doubt that she made an entry into the United States.[28]

In opposition, the Government argues that the statute does not require proof of entry nor that Defendant was free from official restraint.[29] The Government relies on Instruction 2.02B of the Fifth Circuit Pattern Jury Instructions.[30] Instruction 2.02B requires that the accused (1) was an alien and (2) knowingly eluded examination by immigration officers.[31] Thus, the Government contends entry is not an element of the offense.[32] The Government further argues Defendant's intent is irrelevant since § 1325(a) is a general intent crime.[33] The Government

---

[24] *Id.* at 18–19.

[25] *Id.* at 17.

[26] 25 I. & N. Dec. 151 (B.I.A. 2009).

[27] Appeal 15 (citing *Matter of Martinez-Serrano*, 25 I. & N. Dec. 151 (B.I.A. 2009) ("[A]n 'entry' requires: (1) a crossing into the territorial limits of the United States, i.e., physical presence; (2) (a) an inspection and admission by an immigration officer, or (b) an actual and intentional evasion of inspection at the nearest inspection point; and (3) freedom from official restraint.")).

[28] Appeal 19.

[29] "Government's Response to Defendant's Appeal" ("Resp.") 11, ECF No. 18, filed July 18, 2019.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at 9.

4

contends it was only required to prove Defendant intended to commit the act of eluding inspection, not intended to break the law.[34] Accordingly, the Government asserts that Defendant's intent to return to Mexico is irrelevant.[35]

## II. **LEGAL STANDARD**

A defendant may pursue an appeal of a conviction by a Magistrate Judge for a misdemeanor offense to a district court.[36] An appeal does not entitle the defendant to a trial *de novo* by the district judge.[37] "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."[38]

For a district court's final judgment following a bench trial, an appeals court reviews findings of fact for clear error and conclusions of law *de novo*.[39] The court affirms a magistrate's findings if "the conviction is supported by substantial evidence."[40] To reverse the conviction, a court must find "no rational trier of fact could find substantial evidence establishing the

---

[34] *Id.* at 10.

[35] Resp. 10.

[36] *See* 18 U.S.C. § 3402 ("In all cases of conviction by a United States magistrate [United States magistrate judge] an appeal of right shall lie from the judgment of the magistrate [magistrate judge] to a judge of the district court of the district in which the offense was committed."); FED. R. CRIM. P. 58(g)(2)(B) ("A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry. To appeal, the defendant must file a notice with the clerk specifying the judgment being appealed and must serve a copy on an attorney for the government."); *see also United States v. Ramirez-Alvarez*, 360 Fed. App'x. 589, 589 (5th Cir. 2010); *United States v. Jones*, 117 F.3d 644, 645 (2d Cir. 1997) (per curiam); *United States v. Baxter*, 19 F.3d 155, 156-57 (4th Cir. 1994); *United States v. Smith*, 992 F.2d 98, 99 (7th Cir. 1993); *United States v. Soolook*, 987 F.2d 574, 575 (9th Cir. 1993); *Midway Mfg. Co. v. Kruckenberg*, 720 F.2d 653, 654 (11th Cir. 1983).

[37] FED. R. CRIM. P. 58(g)(2)(D) ("The defendant is not entitled to a trial *de novo* by a district judge.").

[38] *Id.*; *see also United States v. Hollingsworth*, 783 F.3d 556, 558 (5th Cir. 2015).

[39] *Id.* (citing *Mid-Continent Cas. Co. v. Davis*, 683 F.3d 651, 654 (5th Cir. 2012)).

[40] *United States v. Adams*, 174 F.3d 571, 578 (5th Cir. 1999).

defendants' guilt beyond a reasonable doubt."[41] The court reviews the evidence "in the light most favorable to the government . . . ."[42]

## III. **DISCUSSION**

Defendant appeals her conviction for improper entry by an alien under 8 U.S.C. § 1325(a)(2). Section 1325(a)(2) makes it a crime for an alien to "elude[] examination or inspection by immigration officers."[43]

### *A. Whether Entry is an Element of Eluding or Evading Inspection*

Defendant contends her conviction was improper as a matter of law, arguing the Government failed to prove she made an entry into the United States.[44] The Government contends entry is not an element of 8 U.S.C. § 1325(a)(2).[45] The court now examines the statutory language to determine whether entry is an element of § 1325(a)(2).

Statutory interpretation begins by examining the plain language of the statute.[46] Only in "rare and exceptional circumstances" does a contrary legislative intent rebut the "strong presumption" the plain language expresses congressional intent.[47] The court examines the "statute's language, structure, subject matter, context, and history" to discern Congress's intent.[48]

---

[41] *United States v. Lee*, 217 F.3d 284, 288 (5th Cir. 2000).

[42] *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Sylvester*, 848 F.2d 520, 522 (5th Cir. 1988); *United States v. Livingston*, 816 F.2d 184, 193 (5th Cir. 1987).

[43] 8 U.S.C. § 1325(a)(2).

[44] Appeal 15.

[45] Resp. 11.

[46] 2A NORMAN SINGER & SHAMBLE SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 45:1 (7th ed. 2018).

[47] *Ardestani v. Immigration and Naturalization Service*, 502 U.S. 129, 135–36 (1991) (internal citation omitted).

[48] *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998).

"Where there is no ambiguity in the words, there is no room for construction."[49] Improper entry by an alien,[50] 8 U.S.C. § 1325(a), divides the crime of improper entry into three separate offenses:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined under title 18, United States Code, or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under title 18, United States Code, or imprisoned not more than 2 years, or both.[51]

When examining the plain language of § 1325(a)(2) it provides: "[a]ny alien who . . . eludes examination or inspection by immigration officers. . . shall, for the first commission of any such offense, be fined under title 18, United States Code, or imprisoned not more than 6 months, or both . . . ."[52] The plain language of the text requires that: (1) the individual is an alien and (2) the individual eluded examination or inspection by immigration officers.

Defendant, however, insists that the Government was required to prove she entered the United States.[53] In essence, Defendant asks this court to read entry as an element into § 1325(a)(2).[54] However, § 1325(a)(2) does not use the term entry. Unlike § 1325(a)(2), § 1325(a)(1) and (3) both include the word "enters," demonstrating that Congress could have

---

[49] *United States v. Wiltberger*, 18 U.S. 76, 95–96 (1820).

[50] 8 U.S.C. § 1101-(a)(3) defines alien as "any person not a citizen or national of the United States."

[51] 8 U.S.C. § 1325(a).

[52] 8 U.S.C. § 1325(a)(2).

[53] Appeal 15.

[54] *Id.* at 15–16.

7

included the word "enters" within § 1325(a)(2) if Congress so desired. Accordingly, this court declines to read § 1325(a)(2) as requiring entry.

Therefore the Government had to prove that Defendant (1) was an alien and (2) evaded or eluded inspection. Thus, the Government was not required to prove entry under § 1325(a)(2).

B.   *Applicable Mens Rea*

Defendant argues the Government never established she intended to go to the United States.[55] Thus, Defendant contends the Government could not establish she actually and intentionally avoided inspection.[56] In opposition, the Government argues § 1325(a)(2) is a general intent crime and Defendant's intent is irrelevant.[57] Thus, the Government maintains it is only required to establish Defendant acted voluntarily.[58]

As discussed in the above section, § 1325(a)(2) consists of two elements: (1) the individual is an alien and (2) the individual eluded examination or inspection by immigration officers. The statute makes no reference to a mental state.[59] In the absence of a specific intent, the court should presume the statute requires general intent.[60] A general intent crime only requires the Defendant committed the act voluntarily.[61] Where an act is voluntary and

---

[55] *Id.* at 17.

[56] *Id.* at 18.

[57] Resp. 9.

[58] *Id.* at 10.

[59] *See Staples v. United States*, 511 U.S. 600, 605–06 (1994) (discussing "that some indication of congressional intent, express or implied, is required to dispense with *mens rea* as an element of a crime.").

[60] *United States v. Hicks*, 980 F.2d 963, 974 (5th Cir. 1992).

[61] *See United States v. Guzman-Ocampo*, 236 F.3d 233, 237 (5th Cir. 2000) (discussing the general intent requirements for § 1326 and holding "knowingly" is a required element).

8

intentional, it is committed knowingly.[62] Thus, where the Government must prove voluntariness, the Government must prove the *mens rea* of knowingly.[63] Following this reasoning, § 1325(a)(2) is a general intent crime, and the Government must prove Defendant acted knowingly to elude examination by immigration officers.

　　*C.*　*Whether Substantial Evidence Supports the Conviction*

At the bench trial before the Magistrate Judge, the Government was required to prove that Defendant (1) was an alien, (2) eluded examination or inspection by immigration officers, and (3) did so knowingly. The court finds the Government provided sufficient evidence to prove each element.

First, the Government met its burden to establish Defendant is an alien for purposes of § 1325(a)(2). Indeed, Defendant admitted she was an alien since she is a citizen of Mexico.[64] Defendant also listed her country of citizenship as Mexico on her I-213 form.[65] Thus, the Government provided substantial evidence to demonstrate Defendant was an alien to the United States.

Second, Defendant walked through vehicular traffic as opposed to using the pedestrian walkway. Defendant maneuvered between semi-trucks under the cloak of darkness towards the furthest point from the pedestrian and vehicle inspection areas.[66] These maneuvers could only be described as quick and cunning to avoid or bypass the inspection point.

---

[62] *United States v. Al-Kurna*, 808 F.2d 1072, 1075 (5th Cir. 1987) (citing *United States v. Diecidue*, 603 F.2d 535 (5th Cir. 1979)).

[63] *Id.* at 238.

[64] Tr. 83: 16–17.

[65] No. EP:19-MJ-00549-LS, ECF No. 30, filed Apr. 25, 2019.

[66] Tr. 54: 18–19; 106: 22–25.

9

Accordingly, the court finds the Government met its burden to establish that Defendant eluded inspection by immigration officers.

Lastly, the Government provided substantial evidence that Defendant acted knowingly. Defendant stated she wished to return to Mexico, thereby showing she had knowledge that she was in the United States.[67] This also means she knew she was moving further into the United States as she maneuvered between vehicles. This establishes Defendant knew she was in a foreign country and knowingly acted to avoid inspection. Thus, the Government established Defendant acted knowingly.

In sum, the Government proved through substantial evidence that the Defendant was an alien, who eluded examination, and did so knowingly. The court finds a rational trier of fact could find the Defendant guilty beyond a reasonable doubt. Accordingly, this court affirms Defendant's conviction under § 1325(a)(2).

## V. CONCLUSION AND ORDERS

After reviewing the findings of fact for clear error and reviewing conclusions of law *de novo*, the court finds the Government provided sufficient evidence to support the Defendant's conviction.

**IT IS HEREBY ORDERED** that Adriana Montes-De Oca's appeal to overturn her conviction under 8 U.S.C. § 1325(a)(2) [ECF No. 16] is **DENIED**.

**SO ORDERED.**

**SIGNED** this ___2___ day of **August, 2019**.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[67] Tr. 40: 3–4.